COMMONWEALTH *vs.* ELIZABETH DADY.

It is not necessary, in order to warrant a conviction for being a common seller of intoxicating liquor, to prove three sales by direct evidence; but if the whole evidence, direct and circumstantial, satisfies the jury that the defendant has made as many as three sales during the time alleged in the indictment, they may find him guilty.

COMPLAINT for being a common seller of intoxicating liquor.

At the trial in the superior court, before *Putnam*, J., one Coffee testified to a single purchase of rum from the defendant, taken from a cask in a room in the defendant's house, which room was fitted up in some respects as a bar-room. Two other witnesses testified to two purchases of beer there, and the question whether it was intoxicating was left to the jury. The defendant requested the court to instruct the jury that the mere fact of one sale to Coffee, in the room as described, without any other evidence of a sale at any other time, was not sufficient to warrant a conviction. The judge declined so to rule, and instructed the jury that the government must prove that three sales of intoxicating liquor had been made, but that it was not necessarily incumbent upon the government to prove such sales by direct and positive evidence; and if the whole evidence satisfied them that the defendant had made as many as three sales during the time alleged, they might find her guilty.

The defendant was convicted, and alleged exceptions.

*W. Colburn*, for the defendant.

*Foster*, A. G., for the Commonwealth.

METCALF, J. 1. The court rightly declined to instruct the jury as requested by the defendant. It was for them and not for the court to decide, in the first instance, whether the evidence warranted her conviction. *Commonwealth* v. *Hughes*, 2 Allen, 518. *Greenfield Bank* v. *Crafts*, 4 Allen, 456.

2. The instructions given to the jury were, in legal effect, precisely like those which were decided to be correct in *Commonwealth* v. *Mahony*, 14 Gray, 46. *Exceptions overruled.*